*E-FILED - 6/6/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN E. TAITANO, | No. C 11-1396 RMW (PR) |
| Plaintiff, | ORDER OF DISMISSAL; INSTRUCTIONS TO CLERK |
| v. | |
| COUNTY OF CONTRA COSTA, et al., | |
| Defendants. | |

Plaintiff, in custody at the Martinez Detention Facility and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court DISMISSES this action.

**BACKGROUND**

Criminal proceedings are pending against petitioner in Contra Costa County. (Dkt. No. 3.) In his complaint, plaintiff appears to claim that his public defender and the public defenders' office are not representing him effectively in pretrial matters.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint in this action has numerous problems. First, although plaintiff names several law enforcement officers as well as the district attorney's office in the caption or his complaint, he does not link them to any alleged wrongdoing in his complaint. Thus, they are dismissed without prejudice.

Second, to the extent that plaintiff is suing his appointed public defender(s) for lawyer-type mistakes, he cannot. A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). Alternate defenders, who handle cases when the public defender is not available, also would not be acting under color of state law.

However, Polk County left open the possibility that a public defender may be liable under § 1983 for "administrative and possibly investigative functions." Polk County, 454 U.S. at 324-25. See, e.g., Miranda v. Clark County, Nevada, 319 F.3d 465, 468-70 (9th Cir. 2003) (en banc) (plaintiff complained of policy of administering lie detector test to all defendants and allocating minimal resources for preparation of defense to those clients who appear guilty because they failed the polygraph, and of policy to assign the least-experienced lawyers on staff to capital cases without training or experience in the special demands of such cases). Here, in addition to claiming that counsel is rendering ineffective assistance of counsel, plaintiff alleges that the public defender's office has a policy of refusing to provide discovery to its clients. At this stage, the court cannot say that plaintiff has not stated a cognizable claim for relief.

1    Third, plaintiff requests injunctive and declaratory relief which must be dismissed
2 because of the pendency of the state criminal case.  Under principles of comity and federalism, a
3 federal court should not interfere with ongoing state criminal proceedings by granting injunctive
4 or declaratory relief absent extraordinary circumstances.  See Younger v. Harris, 401 U.S. 37,
5 43-54 (1971); cf. Gilbertson v. Albright, 381 F.3d 965, 979-80 (9th Cir. 2004) (en banc) (finding
6 damages action based upon constitutional challenge to pending state proceedings implicates
7 Younger principles because in order to determine damages the district court must first decide
8 whether there has been a constitutional violation).  Federal courts should not enjoin pending state
9 criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that
10 the statute challenged is "flagrantly and patently violative of express constitutional prohibitions."
11 Id. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special
12 circumstances or irreparable harm that would justify federal court intervention).  Nothing in the
13 complaint suggests there are extraordinary circumstances requiring this court's interference in
14 state court criminal proceedings.  Where, as here, Younger abstention appropriate as to a request
15 for declaratory or injunctive relief, and the plaintiff does not seek damages, the court may not
16 retain jurisdiction and must dismiss the action.  See Juidice v. Vail, 430 U.S. 327, 348 (1977);
17 Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799-801 (9th Cir. 2001); see
18 also Gilbertson, 381 F.3d at 981 (when damages are sought and Younger principles apply, it is
19 appropriate for the federal court to refrain from exercising jurisdiction temporarily until state
20 proceeding no longer pending).
21    Accordingly, this action is DISMISSED without prejudice.

## CONCLUSION

23    Plaintiff's complaint is DISMISSED without prejudice to re-filing once his state court
24 proceedings have concluded and he has exhausted all necessary remedies.
25    In docket number 1, the clerk is instructed to remove pages 10-17 from ECF.  In docket
26 number 3, the clerk is instructed to remove pages 18, 19, and 22 from ECF.  Those pages did not
27 originate from plaintiff, were not sent in for filing by plaintiff, and should not have been
28 docketed as such.

1  IT IS SO ORDERED.

2  DATED: 6/6/11

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge